UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES B. UDOH,

                   Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF
PROBATION, CITY OF NEW YORK,
NATASHA SEGERS, MARYANN BROWN,
JOHN DOE, JANE DOE, AND LISA
D'AMBROSIA.

                   Defendants.

24-CV-03982 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action alleging that his employer discriminated against him on the basis of his age, race, nationality, religion, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act, the Americans with Disabilities Act of 1990, and the New York City and State Human Rights laws. He also asserts state law claims for intentional and negligent infliction of emotional distress. By order dated June 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against the New York City Department of Probation; and (2) directs service on the City of New York, Natasha Segers, Maryann Brown, and Lisa D'Ambrosia.

## DISCUSSION

**A. Claims against New York City Department of Probation.**

Plaintiff's claims against the New York City Department of Probation must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter

ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status, the Court will construe Plaintiff's allegations against the New York City Department of Probation as being asserted against the City of New York, which is also a named defendant.

**B. Service on Defendants.**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants City of New York, Natasha Segers, Maryann Brown, and Lisa D'Ambrosia through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Probation. *See* N.Y. City Charter ch. 17, § 396. The Clerk of Court is directed to terminate the New York City Department of Probation. The Clerk of Court is further directed to amend the action of this action to remove the New York City Department of Probation.

The Clerk of Court is directed to issue summonses for City of New York, Natasha Segers, Maryann Brown, and Lisa D'Ambrosia through the U.S. Marshals Service, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf.*

3

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  06/20/2024
        New York, New York

_____
EDGARDO RAMOS
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.    The City of New York
      New York City Law Department
      100 Church Street
      New York, NY 10007

2.    Natasha Segers
      New York City Department of Probation
      33 Beaver Street, 2nd Floor
      New York, NY 10004

3.    Maryann Brown
      New York City Department of Probation
      33 Beaver Street, 2nd Floor
      New York, NY 10004

4.    Lisa D'Ambrosia
      New York City Department of Probation
      33 Beaver Street, 2nd Floor
      New York, NY 10004