UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES B. UDOH,

                      Plaintiff,

– against –

NEW YORK CITY, NATASHA SEGERS, MARYANN BROWN, LISA D. AMBROSIA, *and* JOHN AND JANE DOES,

                      Defendants.

**ORDER**
24-cv-03982 (ER)

---

Ramos, D.J.:

      Charles B. Udoh, *pro se*, brings this action asserting claims arising from alleged wrongful termination and discrimination based on race or national origin. On October 16, 2024, Udoh filed an application requesting that *pro bono* counsel represent him in this action. Doc. 19.

      Under the *in forma pauperis* statute, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the statute does not empower courts to obligate attorneys to represent *pro se* litigants in civil cases. *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989). Instead, pursuant to § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The standards governing the appointment of counsel in *pro se* cases were set forth by the Second Circuit in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Company*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). The factors to be considered in ruling on an indigent litigant's

request for counsel include the merits of the case and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (citing factors set forth in *Hodge*, 802 F.2d at 60–62). Of these, the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors, including the *pro se* litigant's "ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

At this stage in the proceedings, the Court is unable to conclude that Udoh's claims are likely to have merit, although naturally that may change as the litigation progresses. Accordingly, Udoh's application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the case. The Clerk of Court is respectfully directed to terminate the motion, Doc. 19.

It is SO ORDERED.

Dated:  October 23, 2024
        New York, New York

_____
Edgardo Ramos, U.S.D.J

2