UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES B. UDOH,

                Plaintiff,

       – against –

NEW YORK CITY DEPARTMENT OF
PROBATION, NATASHA SEGERS,
MARYANN BROWN, LISA
D'AMBROSIA,

                Defendants.

**OPINION & ORDER**

24-cv-03982 (ER)

RAMOS, D.J.:

    Charles B. Udoh, proceeding *pro se*, filed this action against the New York City Department of Probation ("DOP"), Natasha Segers, Maryann Brown, and Lisa D'Ambrosio[1] (collectively, "Defendants") on May 17, 2024, alleging that the DOP discriminated against him on the basis of race, color, religion, sex, national origin, age, and disability.  Doc. 1 at 3–4.  Before the Court are Udoh's motions for reconsideration and, presumably, for leave to file an amended complaint.  Docs. 37 and 39.  For the reasons set forth below, Udoh's motion for reconsideration is DENIED, and, to the extent Udoh intended to file a motion for leave to amend the complaint, that motion is DENIED without prejudice.

I.     **BACKGROUND**

    **A.  Factual Background**

    The Court assumes familiarity with the facts and procedural posture of this action, previously set forth in its Opinion & Order dated August 1, 2025, Doc. 34.

---

[1] The Complaint, case caption, and Udoh's filings incorrectly spell Lisa D'Ambrosio's last name as "D'Ambrosia."

### B. Procedural History

On January 18, 2024, Udoh filed a charge with the New York State Division of Human Rights ("DHR") against the DOP for discrimination on the basis of age, religion, disability, race, and national origin. Doc. 26 at 39–50. Udoh received a response[2] to that charge on July 8, 2024, and was given the opportunity to submit a rebuttal "in order to further the investigation of [his] case." Doc. 30 at 55. The record before the Court does not include a rebuttal by Udoh, nor does Udoh allege that he undertook any further efforts to work with the DHR to further the investigation.

Meanwhile, on April 1, 2024, Udoh filed a charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination on the basis of disability, race, national origin, and retaliation. Doc. 26 at 34–37.

On May 17, 2024 Udoh filed the complaint in this action, alleging that the DOP discriminated against him on the basis of disability, race, national origin, color, religion, sex, and age. *See generally* Doc. 1. On December 18, 2024, the DOP filed a motion to partially dismiss the complaint for failure to: (1) exhaust the administrative remedies for sex-based discrimination and retaliation claims; (2) state a cause of action for sex, religion, and disability discrimination pursuant to Federal Rule of Civil Procedure 12(b)(6); (3) plead a qualifying disability, discriminatory intent, or adverse employment action based on his purported disability pursuant to the Rehabilitation Act ("RA"), Americans with Disabilities Act ("ADA"), New York State Human Right Law ("NYSHRL"), and New York City Human Right Law ("NYCHRL"); (4) establish that he had a property interest in his employment with DOP and thus a claim under the

---

[2] The email dated July 8, 2024—attached as an exhibit to the complaint—indicates that the response to his complaint was provided in an attachment to that email. However, the attachment itself is not included in the exhibits, so the content of the response is unknown.

2

Fourteenth Amendment; (5) allege D'Ambrosio was personally involved in any alleged unlawful treatment; and (6) show that the DOP is a suable entity. *See* Doc. 26 at 12.[3]

The Court issued an Opinion & Order on August 1, 2025, granting in part and denying in part Defendant's motion to partially dismiss the complaint. Specifically, the Court granted Defendants' motion to dismiss (1) all claims against the DOP as a non-suable entity; (2) the Title VII sex discrimination claim and any Title VII retaliation claim made in relation to sex-based discrimination; (3) all disability discriminations claims pursuant to the ADA, Rehabilitation Act, NYSHRL, and NYCHR; (4) the failure-to-accommodate claim pursuant to the ADA, RA, NYSHRL, and NYCHRL; (5) the religious discrimination claim; (6) his sex discrimination pursuant to Title VII, NYSHRL, and NYCHRL; (7) his Fourteenth Amendment claim; (8) the Whistleblower Protection Act claim; and (9) the claims against the individual defendants under Title VII, ADA, RA, and §1983 where not allowed. *See* Doc. 34. The following claims survived the motion to dismiss: Title VII retaliation claim and the retaliation claims under the NYSHRL and NYCHRL. *See id.*

Udoh filed the instant for reconsideration on August 25, 2025, asking the Court to reconsider his religious accommodation claim, his Title VII sex discrimination claim, and his age discrimination claims. Doc. 37. He filed a "notice of his motion" on August 27, 2025,[4] which included a proposed amended complaint, Doc. 39, as well as an accompanying memorandum and declaration, Doc. 40. Defendants filed their opposition to the motion for reconsideration on September 18, 2025. Doc. 41.

The Court issued an order on January 12, 2026, informing Udoh that if he wished to file a reply brief to the motion for reconsideration, he was required to do so by January 23, 2026, and that, in the event that he did not file a reply brief, the Court would consider

---

[3] Defendants did not move to dismiss the race discrimination, national origin discrimination, age discrimination, and hostile work environment claims.

[4] The motion is dated August 25, 2025, but was not docketed until August 27, 2025.

the motion fully briefed.  Doc. 42.  To date, Udoh has not filed a reply.  Accordingly, the motion is hereby deemed fully briefed.

## II.    LEGAL STANDARDS

### A.  Motion for Reconsideration

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).  "A motion for reconsideration should be granted only when the [party] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys*, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

### B.  Motion for Leave to File an Amended Complaint

Rule 15(a)(2) allows a party to amend its complaint pursuant to the other party's written consent or the court's leave and provides that a "court should freely give leave [to amend] when justice so requires."  Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178 (1962), who may deny leave to amend for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks omitted).  This is a permissive standard since the Federal Rules "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits" of the case.  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

### C.  *Pro Se* **Plaintiff**

The Court notes that Udoh is proceeding *pro se*.  "A *pro se* litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'"  *Jules v. Andre Balazs Properties*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).  The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue."  *Jackson v. N.Y.S. Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  At the same time, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).

## III.    DISCUSSION

The DOP opposes the motion for reconsideration, Doc. 41, but has not addressed the presumed motion for leave to file an amended complaint, Doc. 39.  The Court addresses each in turn.

### A.  Motion for Reconsideration

As a preliminary matter, Udoh does not identify any intervening change of controlling law or newly available evidence that he obtained after he submitted his original papers.  *See Kolel Beth Yechiel Mechil*, 729 F.3d at 104; *see also Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (holding that evidence is considered "new evidence" when it is "truly newly discovered or could not have been found by due diligence").  Accordingly, Udoh's motion for reconsideration is denied.

Nevertheless, the Court briefly addresses several of the arguments Udoh presents in his motion below.

1. *Udoh Was Not Entitled to an Oral Argument at the Motion to Dismiss Stage.*

Udoh argues that the Court violated his rights by denying him due process[5] and failing to give him a "fair and impartial trial/hearing." Doc. 37 at 4. In other words, Udoh argues that the Court's dismissal of his claims was improper because the DOP did not appear in court to rebut his claims. Doc. 37 at 5. He adds that the Court "misused and abused its authority and committed legal error by neglecting to ask for, acknowledge, or comprehend [his] words and by providing no justification." Doc. 37 at 5.

This Court's Individual Practices provide that "[p]arties may request oral argument by letter at the time their moving, opposing or reply papers are file," and that "[t]he Court will determine whether argument will be heard and, if so, will advise counsel of the date and time." Individual Practices, Rule 2(D). Here, not only did Udoh not request that oral argument be heard, Doc. 41 at 7, but even if he had, the Second Circuit has made it clear that "[c]ourts have broad discretion to determine how much, if any, oral argument is appropriate in a given case." *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 448 (2d Cir. 1995). Accordingly, this argument does not merit granting Udoh's motion for reconsideration.

2. *Udoh Failed to Exhaust his Administrative Remedies for his Title VII Discrimination Claim.*

Udoh also argues that, in holding that he failed to exhaust his administrative remedies for sex-based discrimination and retaliation claims, the Court "abused its discretion and authority" because it ruled "without testimony, facts, findings, and some unidentifiable knowledge of physiological and psychological harm to [him] because [the DOP's] motion [to dismiss] was sketchy and utterly without legal details." Doc. 37 at 5.

---

[5] To the extent that Udoh is arguing that the Court was impartial or unfair in deciding the DOP's motion to dismiss, the Court notes that it "accept[ed] the factual allegations in the complaint as true for purposes of the [] motion [to dismiss]." Doc. 34 at 1; *see also* Doc. 41 at 8 (noting the same).

Udoh argues that he did exhaust his administrative remedies prior to commencing this action by filing reports with various agencies and individuals.[6]  Doc. 37 at 6.

However, a plaintiff is required to exhaust his administrative remedies through the EEOC.  *Gibb v. Tapestry, Inc.*, No. 18-cv-6888 (LAP), 2018 WL 6329403, at *3 (S.D.N.Y. Dec. 3, 2018) (quoting *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000)).  As stated in the Opinion & Order dated August 1, 2025, Udoh's failure to list sex discrimination as a claim he was pursuing when he filed his EEOC complaint necessarily merits a finding that he failed to exhaust the administrative remedies for sex-based discrimination.  Doc. 34 at 8.  Udoh does not now allege otherwise.

3.  *Udoh is Not Allowed to Plead New Facts on a Motion for Reconsideration.*

Udoh includes new facts in his motion for reconsideration.  Specifically, as support for his religious discrimination claim, his motion for reconsideration includes the following facts:  that he "was not allowed to observe, fast, pray, or take religious breaks," that "Natasha Segers requested that the plaintiff take his ancestral shrines off his table," and that he "agreed to remove his religious object but protested."  Doc. 37 at 6.  He adds that, after being asked to take down his shrine, Segers asked him, "Why do you always close your office door?" and often opened his door without knocking first, presumably "to check on [him] and see if [he was] chanting or praying."  *Id.* at 7.  According to Udoh, other officers kept their doors closed.  *Id.*

New facts cannot be considered on a motion for reconsideration.  *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008).  Accordingly, the Court cannot now engage with the Udoh's new allegations given that these facts were known to Udoh at the

---

[6] Udoh argues that the he filed reports with the City of New York, the New York Department of Probation Union Association, Senior Probation Officer Antoine Sherman, Kory Blackwell (the New York City Department of Probation unit branch chief), the New York City Department of Probation Equal Employment Opportunity, the New York State Human Rights Office, the U.S. Equal Employment Opportunity Commission ("EEOC"), Dalvanie Powell of the United Probation Officers Union Association, and Juanita N. Holmes (the Commissioner of Probation).

time he filed his complaint in the instant action and during the briefing for the motion to dismiss.

### B.  Motion for Leave to File an Amended Complaint

It is unclear from the docket whether Udoh intended to file a motion for leave to file an amended complaint, Docs. 39 and 40.  However, to the extent that he did file such a motion, that motion is DENIED without prejudice.  Pursuant to the Individual Practices of this Court, "[a] pre-motion conference with the Court is required before making any [] motion, except where a litigant believes that delay in filing the motion might result in the loss of a right or where a litigant seeks to make a motion in a case involving an incarcerated *pro se* litigant, motion for admission *pro hac vice*, motion for reargument or reconsideration, or motion for temporary restraining order or preliminary injunction." Individual Practices, Rule 2(A)(ii).  Accordingly, to the extent that Udoh meant to file a motion requesting leave to file an amended complaint, that motion is denied without prejudice.  If Udoh wishes to move to amend the complaint, he must comply with the Court's requirement that he request a pre-motion conference.

## IV.    CONCLUSION

For the reasons stated above, Udoh's motion for reconsideration is DENIED, and, to the extent Udoh meant to file a motion for leave to amend the complaint, that motion is DENIED without prejudice.

The parties are directed to appear for a conference on April 7, 2026 at 11 a.m., in Courtroom 619 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.  The Clerk of Court is respectfully directed to terminate the motions, Docs. 37 and 39.

8

It is SO ORDERED.

Dated:    March 13, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

9